**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Bryan D. Beel**, OSB No. 073408
BBeel@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222


Attorneys for Defendant Runwayfinder, LLC


## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **STENBOCK & EVERSON**, an Oregon corporation**,** | No. CV 10-1475 BR |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF RUNWAYFINDER'S MOTION TO DISMISS** |
| v. | |
| **RUNWAYFINDER, LLC**, dba Runwayfinder.com, a Washington limited liability company | Pursuant to Fed. R. Civ. P. 12(b)(2) and (3) |
| Defendant. | |

MEMORANDUM IN SUPPORT OF
RUNWAYFINDER'S MOTION TO DISMISS

76222-0001/LEGAL20079236.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND .................................................................................2

    A.    Runwayfinder Is a Washington Limited Liability Company Having Its Sole Place of Business in the State of Washington ...............................2

    B.    Runwayfinder Has No Contacts With Oregon ......................................2

    C.    Plaintiff Alleges No Facts Showing That Runwayfinder Is Subject to Personal Jurisdiction in Oregon or That Oregon Is an Appropriate Venue for This Action ..............................................................................3

III.  LEGAL STANDARDS ............................................................................................4

    A.    The Exercise of Personal Jurisdiction Over a Non-Resident Defendant Depends on the Defendant's Contacts With the Forum State ................4

        1.    No General Jurisdiction Exists Where a Defendant Does Not Have Continuous and Systematic Contacts in the Forum State .........5

        2.    No Specific Jurisdiction Exists Where There Are No Forum-Specific Contacts Leading to a Cause of Action .....................6

    B.    Whether Venue Is Proper in a Patent Infringement Case Against a Non-Resident Defendant Depends on the Defendant's Contacts With the Forum State .........................................................................................8

IV.   ARGUMENT ...........................................................................................................9

    A.    The Oregon Court Has Neither General Nor Specific Personal Jurisdiction Over Runwayfinder .........................................................9

        1.    There Is No General Personal Jurisdiction Over Runwayfinder in Oregon ...................................................................................9

        2.    There Is No Specific Personal Jurisdiction Over Runwayfinder in Oregon .................................................................................10

    B.    Oregon Is Not an Appropriate Venue for This Action ........................11

V.    CONCLUSION ......................................................................................................12

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES

Page

## Cases

*Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102 (1987) ............................................ 8

*Ballard v. Savage,* 65 F.3d 1495 (9th Cir. 1995) ......................................................................... 7

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) .......................... 4

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356 (Fed. Cir. 2006) ............. 8, 10

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) ........................................................... 6, 7, 8

*CompuServe v. Patterson,* 89 F.3d 1257 (6th Cir. 1996) ............................................................. 10

*Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888 (9th Cir. 1996) ................ 4

*Gary Scott Int'l, Inc. v. Baroudi*, 981 F. Supp. 714 (D. Mass. 1997) .......................................... 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) .................................... 5

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001) ...................................................... 6, 7, 8

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .................................................................. 4, 5

*Millennium Enterprises v. Millennium Music, LP*, 33 F. Supp. 2d 907 (D. Or. 1999) ......... passim

*N. Am. Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994) ............. 6, 9

*NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005) ....................................... 6

*Perry v. RightOn.com*, 90 F. Supp. 2d 1138 (D. Or. 2000) ......................................................... 5

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F. 3d 1355 (Fed. Cir. 1998) ............. 4, 6

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797 (9th Cir. 2004) .................................. 4

*Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 11941 (Fed. Cir. 2003) ................................ 4, 7

*Sutherland v. Brennan*, 321 Or. 520 (1995) .............................................................................. 4

*Tech Heads, Inc. v. Desktop Service Center, Inc.*, 105 F. Supp. 2d 11427 (D. Or. 2000) .......... 5, 7

*Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275 (Fed. Cir. 2005) ......................... 7, 10

*Tuna Processors, Inc. v. Anova Food, Inc.*, No. 07-cv-6192-AA, 2007 WL 3232609 (D. Or. Nov. 1, 2007) .................................................................................................. 7, 10, 11

ii-  MEMORANDUM IN SUPPORT OF
RUNWAYFINDER'S MOTION TO DISMISS

76222-0001/LEGAL20079236.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**TABLE OF AUTHORITIES**
(continued)

Page

*VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574 (Fed. Cir. 1990)................9, 11

**Statutes**

28 U.S.C. § 1391 ................................................................................................11

28 U.S.C. § 1391(c)........................................................................................8, 9, 11

28 U.S.C. § 1400 ................................................................................................11

28 U.S.C. § 1400(b)........................................................................................8, 9, 11

**Regulations and Rules**

Fed. R. Civ. P. 12(b)(2) ..................................................................................2, 4, 12

Fed. R. Civ. P. 12(b)(3) ..................................................................................2, 4, 12

Fed. R. Civ. P. 4(k)(1)(A)...................................................................................4

Or. R. Civ. P. 4L................................................................................................4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# I.    INTRODUCTION

Stenbock & Everson (Plaintiff) initiated this patent infringement action against Runwayfinder, LLC (Runwayfinder) with insufficient allegations regarding personal jurisdiction and in entirely the wrong venue.  In fact, Runwayfinder has no contacts with Oregon to support personal jurisdiction, and Oregon is not a proper venue for this action.  Accordingly, this action should be dismissed.

Runwayfinder is a small, limited liability entity formed and headquartered in Washington.  Runwayfinder's single employee and sole member is a Washington resident who maintains Runwayfinder out of his home.  Runwayfinder is in the business of offering Internet-based flight planning information via a website, Runwayfinder.com.  While it was available, the Runwayfinder.com website existed as a website that could be used for free by small airplane pilots to plan their flights.  Runwayfinder neither sold nor offered for sale any products. Runwayfinder never entered into commercial transactions with its website visitors, and never received any income or revenue from Oregon.

Courts uniformly hold that maintaining a website which a state's residents may view and use is, without "something more," not enough interaction with that state for general or specific personal jurisdiction to arise.  For example, courts have exercised specific personal jurisdiction where a defendant maintains a website that can be viewed in the forum state where the defendant *also* has shipments or sales into the forum, a distribution network in the forum, or a registered agent for service of process in the forum.  Runwayfinder has none of these things in Oregon and, thus, there is no hook upon which to hang jurisdiction.

Oregon is also an improper venue for this action because it is not the place where Runwayfinder resides.  Oregon also fails as a venue because it is not the place where Runwayfinder committed any alleged wrongful acts, or has a place a business.

1-   MEMORANDUM IN SUPPORT OF
     RUNWAYFINDER'S MOTION TO DISMISS

76222-0001/LEGAL20079236.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

For these reasons, Runwayfinder respectfully requests that this Court grant its motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

## II.  FACTUAL BACKGROUND

### A.  Runwayfinder Is a Washington Limited Liability Company Having Its Sole Place of Business in the State of Washington

Runwayfinder is a Washington for-profit limited liability company.[1]  Runwayfinder is not registered to do business in any state other than Washington, and does not do business in other states.[2]  Runwayfinder has a single member, David Parsons, who governs the operations of the LLC and is its registered agent for service of process.[3]  Mr. Parsons is a resident of Washington and has never represented Runwayfinder for commercial purposes in Oregon.[4]  Runwayfinder has no physical presence in Oregon.[5]  Mr. Parsons is and always has been Runwayfinder's sole employee, and is, and at all relevant times was, a resident of Washington.[6]

### B.  Runwayfinder Has No Contacts With Oregon

Runwayfinder was in the business of offering Internet-based flight planning information via its website at Runwayfinder.com.[7]  The information available at Runwayfinder's website included current weather, airport information, and aeronautical charts.  Runwayfinder's information was free to its users, who were generally pilots of private airplanes.[8]  Runwayfinder.com shut down its Internet-based business on December 13, 2010, though other portions of the website are still active (such as the Runwayfinder blog and news pages).[9]

---

[1] Declaration of David Parsons in Support of Runwayfinder's Motion to Dismiss (Parsons Decl.) at ¶ 2.
[2] *Id.*
[3] *Id.* ¶ 1.
[4] *Id.* ¶¶ 2, 4.
[5] *Id.* ¶ 2.
[6] *Id.* ¶ 1.
[7] *Id.* ¶ 3.
[8] *Id.*
[9] *Id.*

2-  MEMORANDUM IN SUPPORT OF
     RUNWAYFINDER'S MOTION TO DISMISS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Runwayfinder derived no revenue from its users and entered into no commercial transactions with its users.[10]  Runwayfinder's sole source of income was revenue it received as a result of the placement of Google Ads on its website.[11]  A user's access to Runwayfinder's flight planning information was not dependent on that user clicking on any of the Google Ads; rather, a user's clicking on a Google Ad was incidental to the user's operation of Runwayfinder's flight planning tools.[12]  Runwayfinder does not advertise or market its products anywhere, has no sales representatives, and does not have a nationwide toll-free number.[13]

C.    **Plaintiff Alleges No Facts Showing That Runwayfinder Is Subject to Personal Jurisdiction in Oregon or That Oregon Is an Appropriate Venue for This Action**

Plaintiff's complaint contains no allegations that either personal jurisdiction or venue is proper in Oregon.  Plaintiff's allegations under the hearing "Jurisdiction and Venue" simply state:

> 2.     This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. 271 and 281.  This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. 1338(a) and 1331.

> 3.     Venue is proper in this judicial district pursuant to 28 U.S.C. 1400(b) and 1391(c) as defendant Runwayfinder, LLC ("Runwayfinder") has committed acts of patent infringement in this judicial district.[14]

Plaintiff alleges that its cause of action for patent infringement is based on Runwayfinder's Internet-based flight planning information business:  "Defendant Runwayfinder is infringing at least one of the claims of [U.S. Patent No. 7,640,098], in this judicial district and elsewhere, in connection with its activities pertaining to the web based version of its product located at www.runwayfinder.com."[15]

---

[10] *Id.* ¶ 3.
[11] *Id.*
[12] *Id.*
[13] *Id.* ¶ 6.
[14] Comp. ¶¶ 2-3.
[15] Comp. ¶ 11.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### III.    LEGAL STANDARDS

**A.    The Exercise of Personal Jurisdiction Over a Non-Resident Defendant Depends on the Defendant's Contacts With the Forum State**

Determination of a district court's personal jurisdiction over a non-resident, non-consenting defendant involves a two-step inquiry.[16]  First, the district court should determine whether some provision of the forum state's long-arm statute makes the defendant subject to the jurisdiction of a court in the state in which the district is located.[17]  The relevant state statute applies even when the cause of action is purely federal.[18]  Second, the district court should ensure that maintaining the suit "does not offend 'traditional notions of fair play and substantial justice' that are embodied in the Due Process Clause."[19]

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(2) and12(b)(3), a court may consider both pleadings and affidavits.[20]  Plaintiff must bear the burden of establishing personal jurisdiction through a *prima facie* showing of jurisdictional facts.[21]  Plaintiff's alleged facts are taken as true, unless controverted.[22]

Oregon's jurisdictional rule "confers personal jurisdiction coextensive with due process."[23]  Thus, the two-step inquiry becomes one: whether an exercise of personal jurisdiction over Runwayfinder would offend due process (*i.e.*, whether the defendant has "certain minimum

---

[16] *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998) (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994)); *see also Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996.  The court should apply "the law of the Federal Circuit, rather than that of the regional circuits, to determine personal jurisdiction in a patent infringement case." *Red Wing Shoe*, 148 F.3d at 1355.

[17] *Red Wing Shoe*, 148 F.3d at 1358 (citing Fed. R. Civ. P. 4(k)(1)(A)).

[18] Fed. R. Civ. P. 4(k)(1)(A).

[19] *Red Wing Shoe*, 148 F.3d at 1358 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[20] *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002).

[21] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).

[22] *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

[23] *Millennium Enterprises v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999) (citing Or. R. Civ. P. 4L); *see also Sutherland v. Brennan*, 321 Or. 520, 528 (1995).

contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").[24]

A court may assert either general or specific personal jurisdiction over a defendant.[25] The nature and quality of the contacts necessary to support jurisdiction over a defendant is determined by whether the plaintiff asserts general or specific jurisdiction.[26]  Here, though, Plaintiff has not identified which type of personal jurisdiction it is asserting against Runwayfinder.  Accordingly, Runwayfinder will discuss why both types of personal jurisdiction are lacking.

### 1.    No General Jurisdiction Exists Where a Defendant Does Not Have Continuous and Systematic Contacts in the Forum State

A defendant may be subject to general jurisdiction in a forum when its contacts with the forum are "continuous and systematic,"[27] even if the cause of action is not related to those contacts.  The exercise of general jurisdiction over a defendant based on the presence of the defendant's website, upon which Plaintiff appears to base its assertion of personal jurisdiction, is exceedingly rare, if non-existent.  As the *Millennium* court stated: "the court is aware of no case in which a court asserted general jurisdiction based on the existence of an Internet Web site."[28]

*Millennium* demonstrates the types of contacts that do *not* suffice to support general jurisdiction.  In *Millennium*, the defendants' business and retail operations were located in South Carolina.[29]  The defendants had no other physical presence within the state of Oregon.  Defendants were also not registered to conduct business in Oregon and had no registered agents, employees or sales representatives located in Oregon.[30]  No principals or personnel of defendants

---

[24] *Millennium Enterprises*, 33 F. Supp. 2d at 909 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

[25] *Perry v. RightOn.com*, 90 F. Supp. 2d 1138, 1140 (D. Or. 2000).

[26] *Tech Heads, Inc. v. Desktop Service Center, Inc.*, 105 F. Supp. 2d 1142, 1146-47 (D. Or. 2000) (citing *Perry*, 90 F. Supp. 2d at 1140).

[27] *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

[28] *Millennium Enterprises*, 33 F. Supp. 2d at 910.

[29] *Id.*

[30] *Id.*

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

had ever traveled to Oregon.[31]  Defendants had never received a franchise inquiry from Oregon and had never offered a franchise to an Oregon resident or corporation.[32]  The only possible contacts the defendants could be deemed to have had with Oregon included the sale of one compact disc to an Oregon resident, the purchase of inventory from an Oregon distributor, and the maintenance of an Internet Web site.[33]  The *Millennium* court held that such facts did not confer general jurisdiction in Oregon.

In addition, as part of a contacts analysis, it is notable that the site of injury in patent infringement is where the alleged offending act is committed and not where the injury is felt.[34] For example, where the alleged infringing act is use of a patented method, the patent infringement occurs where the allegedly infringing process is physically carried out (as by a computer server), and not where the patent owner resides.[35,36]

### 2.    No Specific Jurisdiction Exists Where There Are No Forum-Specific Contacts Leading to a Cause of Action

When a cause of action "arises out of or relates to" certain minimum contacts, a court may properly assert specific personal jurisdiction."[37]  The Federal Circuit uses a three-part *Inamed* test to assess whether a court's exercise of specific jurisdiction is consistent with due process:  "(1) whether the defendant 'purposefully directed' its activities at residents of the forum;

---

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *N. Am. Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1578-79 (Fed. Cir. 1994).

[35] *See NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) (holding that a process cannot be used "within" the United States as required by section 271(a) unless each of the steps is performed within the country).

[36] *See* Compl. ¶ 11 (alleging that Runwayfinder infringes the '098 patent "in connection with its activities pertaining to the web based version of its product.")

[37] *Red Wing Shoe*, 148 F.3d at 1359 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'"[38]

For example, where a defendant has minimum sales in the forum state, the exercise of specific jurisdiction is not proper. In *Tuna Processors, Inc. v. Anova Food, Inc.*, this Court declined to exercise specific jurisdiction over a defendant that maintained a website that could be viewed in Oregon and whose sales in Oregon were minimal, in the absence of other, more substantial marketing and sales activities directed toward Oregon.[39] The *Tuna Processors* court found it important, in declining jurisdiction, that the defendant did not conduct business in Oregon and did not advertise or solicit business in a manner specifically directed at Oregon.[40] The Court noted that although the defendant "possibly could foresee that its tuna products might be purchased by Oregon consumers via its website, this is too attenuated to constitute purposeful availment of Oregon's laws and protections."[41]

Contrasted with *Tuna Processors* is *Tech Heads, Inc. v. Desktop Service Center, Inc.*,[42] in which this Court found sufficient minimum contacts and commercial activity to support an exercise of specific jurisdiction. In *Tech Heads*, the plaintiff asserted several state and federal causes of action based on defendant Desktop's claimed infringement of Tech Heads's service marks.[43] In particular, Tech Heads claimed that Desktop's website was highly interactive and directed commercial activity at Oregon because it actively encouraged and sought an exchange of information and commerce. The website also allowed for the depositing and searching of personal résumés and seeking assistance with technical projects. The defendant also placed ads that ran in a local newspaper and offered a toll-free number that could be used to place

---

[38] *Silent Drive*, 326 F.3d at 1201-02 (citing *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)); *see also Burger King Corp.*, 471 U.S. at 472-73, 475; *Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995).
[39] *Tuna Processors, Inc. v. Anova Food, Inc.*, No. 07-cv-6192-AA, 2007 WL 3232609 (D. Or. Nov. 1, 2007).
[40] *Id.* at *3.
[41] *Id.* (citing *Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275 (Fed. Cir. 2005).
[42] *Tech Heads, Inc.*, 105 F. Supp. 2d 1142.
[43] *Id.* at 1143.

7-  MEMORANDUM IN SUPPORT OF
    RUNWAYFINDER'S MOTION TO DISMISS

76222-0001/LEGAL20079236.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

commercial transactions.  Tech Heads argued that the combination of a commercial website and other Oregon contacts were a sufficient basis for this Court to exercise personal jurisdiction.  This Court agreed.  In holding that an "internet web site plus additional contacts"[44] were a sufficient grounds for the assertion of jurisdiction, this Court noted that it was significant that Desktop "post[ed] a highly commercial, highly interactive Web site on the World Wide Web, engag[ed] in Internet commerce with at least one Oregon resident, advertis[ed] in a national newspaper, and provid[ed] a toll-free number."[45]

Even if a court finds enough contacts to support specific personal jurisdiction, a court may still decline to exercise jurisdiction if other factors render the exercise of jurisdiction so unreasonable as to violate traditional notions of "fair play and substantial justice,"[46] in accord with the third part of the *Inamed* test.  The reasonableness factors that a court should consider include:  "1) the burden on the defendant, 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and 5) the shared interest of the several states in furthering fundamental substantive social policies."[47]

**B.    Whether Venue Is Proper in a Patent Infringement Case Against a Non-Resident Defendant Depends on the Defendant's Contacts With the Forum State**

Plaintiff alleges that venue lies in the District of Oregon under 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(b).  Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  According to 28 U.S.C. § 1391(c), a defendant in a patent infringement case resides where personal

---

[44] *Id.* at 1148.

[45] *Id.* at 1151.

[46] *Inamed Corp.*, 249 F.3d at 1360 (quoting *Burger King*, 471 U.S. at 476-77); *see also Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 121-22 (1987) (Stevens, J., concurring in judgment).

[47] *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1367 (Fed. Cir. 2006) (quoting *Burger King*, 471 U.S. at 477).

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

jurisdiction exists at the time of suit.  In other words, venue in a patent action against a corporate

defendant exists wherever there is personal jurisdiction.[48]  An alternative venue is located "where

the defendant has committed acts of infringement and has a regular and established place of

business."[49]  As noted, the site of commission of acts of patent infringement is where the alleged

offending act is committed and not where the injury is felt.[50]

## IV.    ARGUMENT

**A.    The Oregon Court Has Neither General Nor Specific Personal Jurisdiction Over Runwayfinder**

### 1.    There Is No General Personal Jurisdiction Over Runwayfinder in Oregon

Here, there are no continuous and systematic contacts by Runwayfinder with Oregon

sufficient to support an exercise of general jurisdiction by this Court, nor does plaintiff allege

any facts constituting general jurisdiction.  It is undisputed that Runwayfinder's business

operation is located in Washington, and that Washington is the state in which Runwayfinder's

business is registered.[51]  In addition, Runwayfinder has no physical presence within the state of

Oregon, nor is Runwayfinder registered to conduct business in Oregon.[52]  Runwayfinder has no

registered agents, employees or sales representatives in Oregon.[53]  Indeed, Runwayfinder has a

single employee, resident in Washington, and he has never traveled to Oregon on business.

Runwayfinder has never entered into a commercial transaction with an Oregon resident or

corporation, or made any sales in Oregon.[54]  The only possible basis for asserting general

jurisdiction over Runwayfinder is its operation of a website, and courts regularly decline to assert

general jurisdiction on this basis.[55]

---

[48] *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1583 (Fed. Cir. 1990); *see also* 28 U.S.C. §§ 1391(c), 1400(b).
[49] 28 U.S.C. § 1400(b).
[50] *N. Am. Philips Corp.*, 35 F.3d at 1578-79.
[51] Parsons Decl. at ¶ 2.
[52] *Id.*
[53] *Id.* ¶¶ 4-6.
[54] *Id.* ¶ 4.
[55] *See, e.g.*, *Millennium Enterprises*, 33 F. Supp. 2d at 910.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## 2.    There Is No Specific Personal Jurisdiction Over Runwayfinder in Oregon

Runwayfinder did not purposefully direct its website-based business activities toward residents of Oregon, nor does Plaintiff allege that Runwayfinder did.  Accordingly, there can be no specific personal jurisdiction in Oregon on Plaintiff's patent infringement claim, which arises out of Runwayfinder's website-based business.[56]

Though Runwayfinder's website is accessible by residents of Oregon, that is a function of its nationwide reach, not directed activity, and thus this fact cannot support the Court's exercise of specific jurisdiction.[57]  Runwayfinder has been unable to find authority where a court asserted specific jurisdiction solely on the basis of an informational website.[58]  Those courts that exercise specific jurisdiction in situations involving Internet websites require "something more" directed toward the forum, such as making sales to forum residents,[59] or entering into contractual relationships with forum residents.[60]  Here, Runwayfinder has neither made sales to nor entered into contracts with forum residents.[61]  It derives none of its revenue from Oregon.  It has not marketed its products or advertised in Oregon.  Thus, Runwayfinder has not purposefully directed its Internet- based business activities at forum residents, and is not subject to personal jurisdiction in this Court on a claim arising out of or relating to its Internet-based business.

Nor would it be reasonable to subject Runwayfinder to the jurisdiction of an Oregon court under the five reasonableness factors.[62]  It would be burdensome on Runwayfinder to litigate this case in Oregon because, due to Runwayfinder's lack of contacts in Oregon, it is

---

[56] *See* Comp. ¶ 11 (alleging that patent infringement claim is based on Runwayfinder's "activities pertaining to the web based version of its product located at www.runwayfinder.com").

[57] *See Trintec Indus.*, 395 F.3d at 1281 (a widely-accessible website "does not by itself show any persistent course of conduct by the defendants in the [forum].").

[58] *See Millennium Indus.*, 33 F. Supp. 2d at 916 (collecting cases).

[59] *See Gary Scott Int'l, Inc. v. Baroudi*, 981 F. Supp. 714 (D. Mass. 1997).  *Cf. Tuna Processors*, 2007 WL 3232609 *4 (holding that defendant had not purposefully interjected itself in Oregon where defendant had not conducted business in Oregon, or advertised or solicited business in Oregon, despite fact that defendant had made two sales in Oregon).

[60] *See CompuServe v. Patterson,* 89 F.3d 1257 (6th Cir. 1996).

[61] Parsons Decl. ¶ 4.

[62] *Breckenridge Pharm.*, 444 F.3d at 1367.

---

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

unlikely that witnesses or evidence are located in Oregon.[63]  While Oregon possesses an interest in preventing the sale of infringing products, there have been no infringing sales in Oregon, or anywhere else.  Thus, Oregon has little if any interest in adjudicating the dispute.  Similarly, the lack of infringing sales in Oregon means that maintaining this action in Oregon is not necessary to fulfill plaintiff's interest in convenient and effective relief.[64]  In addition, the Western District of Washington would be a more convenient and appropriate forum for this dispute because Washington has an interest in resolving controversies against Washington corporations with no other bases of operation.  Finally, subjecting Runwayfinder to the jurisdiction of this Court would detract from fundamental social policies encouraging the growth of the Internet because other organizations that operate informational websites available to online users would be deprived of the ability to predict with any certainty where they would be subject to suit.

**B.     Oregon Is Not an Appropriate Venue for This Action**

Oregon is not a proper venue under either 28 U.S.C. § 1391 or 28 U.S.C. § 1400, both of which Plaintiff cites in support of its allegation that venue lies in the District of Oregon.  First, the Oregon venue fails to qualify under 28 U.S.C. § 1391(c) because Oregon does not have personal jurisdiction over Runwayfinder.[65]  Second, the Oregon venue fails under § 1400(b) both because there is no personal jurisdiction over Runwayfinder,[66] and because Runwayfinder does not have a "regular and established place of business" in Oregon.[67]  Indeed, Runwayfinder does not have any physical presence in Oregon.[68]  Finally, venue also fails under § 1400(b) because, if Plaintiff's allegation of infringement is taken as true, the site where "defendant has committed acts of infringement" is Runwayfinder's location – which is Washington, not Oregon.[69]

---

[63] *See Tuna Processors*, 2007 WL 3232609 at *4 (finding unreasonable an exercise of jurisdiction where the defendant had few contacts with Oregon and witnesses and evidence were not likely in Oregon).
[64] *See id.*
[65] *See* Sections IV.A.1-2, *supra*.
[66] *See VE Holding*, 917 F.2d at 1584.
[67] Parsons Decl. at ¶¶ 1-2.
[68] *Id.*
[69] *Id.* ¶ 2.

11- MEMORANDUM IN SUPPORT OF
      RUNWAYFINDER'S MOTION TO DISMISS

76222-0001/LEGAL20079236.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## V.    CONCLUSION

Based on the foregoing, Runwayfinder respectfully requests that this Court grant Runwayfinder's motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(3).  Runwayfinder has no continuous and systematic interactions with the forum that would support the exercise of general jurisdiction.  Nor has Runwayfinder purposefully directed any of its web-based activities at the forum such that a claim could arise from activities on Runwayfinder's website.  Finally, Oregon is not a proper venue for maintaining a patent action against Runwayfinder because Runwayfinder does not reside in Oregon or have a regular and established place of business in Oregon.

DATED:  February 1, 2011

PERKINS COIE LLP

By:      s/Julia E. Markley
Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
Bryan D. Beel, OSB No. 073408
BBeel@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Defendant Runwayfinder, LLC

12- MEMORANDUM IN SUPPORT OF
RUNWAYFINDER'S MOTION TO DISMISS

76222-0001/LEGAL20079236.4

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222